**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LISA SHARON BURCHFIELD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-01055 SPM |
| | ) | |
| STATE FARM INSURANCE CO., | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on the motion of self-represented plaintiff Lisa Burchfield for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 2]. Upon consideration of the financial information provided with the motion, the Court will grant the motion and waive the filing fee. Additionally, for the reasons discussed below, plaintiff will be directed to show cause as to why this case should not be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### The Complaint

Plaintiff Lisa Burchfield is a self-represented litigant who filed the instant civil action against State Farm Insurance Company. [ECF No. 1]. Plaintiff's complaint is typed and not prepared on the Court-provided Civil Complaint form in violation of the Local Rules. *See* L.R. 2.06. On the Civil Cover Sheet submitted with her three-page complaint, plaintiff states that she is bringing this matter pursuant to the Court's diversity of citizenship jurisdiction. *See* 28 U.S.C. § 1332(a). Plaintiff asserts that she is a citizen of the State of Missouri. However, she has not

1

indicated defendant's state of citizenship or the state in which defendant has its principal place of business.[1]

Plaintiff's claims in her complaint are somewhat difficult to discern. However, it appears that she is suing defendant State Farm Insurance Company for Missouri State law claims of fraud and breach of contract. She alleges that there has been "concerning behavior from representatives of State Farm Insurance Company related to several homeowner [and] auto insurance claims." [ECF No. 1, p. 1]. Plaintiff describes the "unexplained closing of claims with "no denial notices provided." *Id*. However, she does not specifically indicate what her claims to the insurance company entailed. Rather, she asserts that she failed to receive a check from State Farm for $112.00 "reimbursement payment." *See id*. Plaintiff does not indicate if the payment was related to her home or auto insurance policies.

Plaintiff describes damage to the attic of her home and her garage, which was purportedly confirmed by a roofing company. She states that a State Farm adjuster came to her home to inspect the damage after she made a claim, but the adjustor allegedly failed to conduct a proper inspection. Unfortunately, plaintiff fails to indicate whether her insurance claim was granted or denied by State Farm. And she has failed to specify the date of her alleged claim to State Farm.

Plaintiff also describes a second claim relating to a "prior auto accident," although she has not specified the date of the alleged accident. Plaintiff complains that the check from State Farm

---

[1] The Court notes that on the Civil Cover Sheet plaintiff also cites, in a conclusory fashion, that she is suing defendant under 42 U.S.C. § 1983. However, defendant State Farm Insurance Company is not a state actor and cannot be sued under § 1983. *See Magee v. Trustees of Hamline Univ., Minn.,* 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.,* 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth,* 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

covering the claim was sent to a business entity, presumably to cover the damage to her vehicle, instead of to her. The Court believes plaintiff is referring to the $112.00 check. Nevertheless, plaintiff states that because her car was paid off, the "lack of transparency and explanation regarding that check raises additional concerns of misrouting or mishandling of funds." [ECF No. 1, p. 2].

Plaintiff seeks $112.00 in damages in this action, as well as a written explanation from State Farm regarding "each claim that was opened and closed." *See* ECF No. 1, p. 3. Plaintiff also seeks additional information from defendant relative to her claims.

## Discussion

The Court has carefully reviewed the instant complaint and determined plaintiff has not carried her burden of establishing subject matter jurisdiction.

### A. Subject Matter Jurisdiction

Subject matter jurisdiction refers to a court's power to decide a certain class of cases. *LeMay v. U.S. Postal Serv.*, 450 F.3d 797, 799 (8th Cir. 2006). "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). *See also Gunn v. Minton*, 568 U.S. 251, 256 (2013) ("Federal courts are courts of limited jurisdiction, possessing only that power authorized by Constitution and statute"). The presence of subject matter jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990). *See also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). As such, the issue of subject matter

jurisdiction may be raised at any time, by any party or the court. *Gray v. City of Valley Park, Mo.*, 567 F.3d 976, 982 (8th Cir. 2009).

Federal courts have subject matter jurisdiction over both federal question cases and diversity of citizenship cases. *See Auto-Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020 (8th Cir. 2007) (finding that subject matter jurisdiction is lacking if neither diversity of citizenship nor federal question jurisdiction applies); *McLaurin v. Prater*, 30 F.3d 982, 984-85 (8th Cir. 1994) (noting Congress has directed that district courts shall have jurisdiction in both federal question and diversity cases). The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship v. Dep't of Hous. & Urban Dev.*, 235 F.3d 1109, 1112 (8th Cir. 2000).

**B. Federal Question Jurisdiction Under 28 U.S.C. § 1331**

Federal question jurisdiction gives district courts "original jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States." *Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1188 (8th Cir. 2015). *See also* 28 U.S.C. § 1331. Whether a claim arises under federal law is determined by reference to the "well-pleaded complaint." *Great Lakes Gas Transmission Ltd. P'ship v. Essar Steel Minn. LLC*, 843 F.3d 325, 329 (8th Cir. 2016). The well-pleaded complaint rule provides that jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Markham v. Wertin*, 861 F.3d 748, 754 (8th Cir. 2017). *See also Thomas v. United Steelworkers Local 1938*, 743 F.3d 1134, 1139 (8th Cir. 2014) ("Under the well-pleaded complaint rule, a federal question must exist on the face of the plaintiff's properly pleaded complaint in order to establish federal question subject matter jurisdiction").

4

Plaintiff's complaint must establish "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on the resolution of a substantial question of federal law." *Williams v. Ragnone*, 147 F.3d 700, 702 (8th Cir. 1998). *See also Northwest South Dakota Production Credit Ass'n v. Smith*, 784 F.2d 323, 325 (8th Cir. 1986) (stating that "[a] non-frivolous claim of a right or remedy under a federal statute is sufficient to invoke federal question jurisdiction"). "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin v. Merrill Lynch & Co., Inc.*, 407 F.3d 905, 907 (8th Cir. 2005).

### C. Diversity of Citizenship Jurisdiction Under 28 U.S.C. § 1332

"Under 28 U.S.C. § 1332(a), district courts have original diversity jurisdiction over civil actions when the matter in controversy exceeds $75,000, without considering interest and costs, and when the citizenship of each plaintiff is different from the citizenship of each defendant." *Ryan ex rel. Ryan v. Schneider Nat. Carriers, Inc.*, 263 F.3d 816, 819 (8th Cir. 2001).

Regarding the amount in controversy, a complaint making a good faith allegation of the jurisdictional amount is sufficient to confer jurisdiction. *Scottsdale Ins. Co. v. Universal Crop Prot. All., LLC*, 620 F.3d 926, 931 (8th Cir. 2010). However, a "complaint will be dismissed if it appears to a legal certainty that the claim is really for less than the jurisdictional amount." *Id*. *See also Kopp v. Kopp*, 280 F.3d 883, 884 (8th Cir. 2002). "The legal certainty standard is met where the legal impossibility of recovery is so certain as virtually to negative the plaintiff's good faith in asserting the claim." *Peterson v. The Travelers Indem. Co.*, 867 F.3d 992, 995 (8th Cir. 2017).

Additionally, "[c]omplete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007). Diversity jurisdiction requires that the parties be

5

citizens of different states, not merely residents. *Sanders*, 823 F.2d at 216. For purposes of diversity, state citizenship requires an individual's physical presence in the state coupled with an indefinite intention there to remain. *Blakemore v. Missouri Pac. R.R. Co.*, 789 F.2d 616, 618 (8th Cir. 1986).

### D. Failure to Prove Subject Matter Jurisdiction

The burden of proving subject matter jurisdiction belongs to the plaintiff. *V S Ltd. P'ship*, 235 F.3d at 1112. In this case, plaintiff has failed to establish the existence of subject matter jurisdiction.

As to federal question jurisdiction, plaintiff does not meet the requirements because she simply does not assert any issues arising under the Constitution, laws, or treaties of the United States. Federal question jurisdiction is only proper where a plaintiff asserts "[a] non-frivolous claim of a right or remedy under a federal statute." *Northwest South Dakota Prod. Credit Ass'n*, 784 F.2d at 325. "If the asserted basis of federal jurisdiction is patently meritless, then dismissal for lack of jurisdiction is appropriate." *Biscanin*, 407 F.3d at 907. Here, plaintiff does not cite to a specific federal statute or provision of the United States Constitution which is at issue in this case. Rather, she merely asserts state law causes of action such as fraud and breach of contract.

As to diversity jurisdiction, plaintiff has not shown that the amount in controversy exceeds the jurisdictional threshold. Moreover, plaintiff has not established diversity between the parties. For diversity of citizenship to exist, plaintiff cannot be a citizen of the same state as the defendant. Here, plaintiff provides a Missouri address for herself, and she fails to list states of citizenship for defendant.[2] Thus, plaintiff has failed to establish subject matter jurisdiction under 28 U.S.C. § 1332.

---

[2] Under 28 U.S.C. § 1332, a corporation is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal business." 28 U.S.C. §

**E. Order to Show Cause**

As discussed above, plaintiff has the burden of establishing the Court's subject matter jurisdiction. In this case, plaintiff has failed to articulate an amount in controversy over the jurisdictional amount of $75,000, has not clearly alleged diversity of citizenship, and has not pointed to a federal statute or constitutional provision to support this case involves a federal matter. Therefore, the Court will order plaintiff to show cause as to why this action should not be dismissed for lack of jurisdiction. Plaintiff will be given **thirty (30) days** to submit a written response. Failure to comply with this Order will result in the dismissal of this case without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff is ordered to show cause in writing and within **thirty (30) days** of the date of this Order as to why this action should not be dismissed for lack of subject matter jurisdiction.

---

1332(c)(1). *See also Jet Midwest International Co., Ltd. v. Jet Midwest Group, LLC*, 932 F.3d 1102, 1104 (8th Cir. 2019). According to the Supreme Court, the "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend,* 559 U.S. 77, 93 (2010). Normally, this should "be the place where the corporation maintains its headquarters," so long that the headquarters is "the nerve center, and not simply an office where the corporation holds is board meetings." *Id.* Only corporations receive this treatment under § 1332, and the citizenship of non-incorporated entities, such as limited liability companies, depends on the citizenship of their members. *See GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (8th Cir. 2004).

**IT IS FURTHER ORDERED** that if plaintiff fails to submit a show cause response in writing and within **thirty (30) days** of the date of this order, this action will be dismissed without prejudice and without further notice.

Dated this 23rd day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE